[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**April 12, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 05-13753
Non-Argument Calendar

_____

D. C. Docket Nos.
04-61424-CV-AJ
97-22293 BKC-PG


IN RE:

WESTWOOD COMMUNITY TWO ASSOCIATION, INC.,

Debtor.

_____

DZIKOWSKI & WALSH,

Plaintiff-Appellant,

versus

JOHN P. BARBEE, as Trustee for
WESTWOOD COMMUNITY TWO ASSOCIATION, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 12, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Once again we are called upon to consider an appeal of an issue in this case. The question we must consider is whether the district court correctly affirmed the bankruptcy court's denial of fees sought and disgorgement of interim fees paid to Dzikowski & Walsh, P.A. ("DZ Firm"). The district court's order affirming the bankruptcy court's ruling was based on a finding that the Trustee did not have the power to levy a special assessment against the property of non-debtor third-party homeowners to satisfy general unsecured claims against Westwood Community Two Association, Inc. ("Debtor"). The DZ Firm was paid with funds derived from the special assessment that were neither property of the Debtor's estate nor the proceeds thereof and, therefore, as a professional retained by the Debtor, the district court held that the DZ Firm had no right to be paid from such fund.

In a bankruptcy appeal, we review the bankruptcy court's factual findings for clear error, and the bankruptcy and district courts's conclusions of law *de*

*novo*. *In re A.W. Assocs., Inc.*, 136 F.3d 1439, 1441 (11th Cir. 1998). The award or denial of attorney's fees in bankruptcy cases is reviewed for an abuse of discretion, and the underlying findings of fact are reviewed for clear error. *See in re Celotex Corp.*, 227 F.3d 1336, 1338 (11th Cir. 2000). A bankruptcy court's finding under 11 U.S.C. § 330(a) concerning whether services provided by counsel were necessary is a factual one that is reviewed for clear error, a "very high standard, and one [an appellate court] would rarely be likely to find, especially in a fees situation." *In re Hillsborough Holdings Corp.*, 127 F.3d 1398, 1401 (11th Cir. 1997).

After reviewing the record and reading the parties' briefs, we affirm the district court's order affirming the bankruptcy court's disgorgement of fees because the DZ Firm had no right to keep the interim fees it received which it derived from funds that were not property of the estate, but instead were the proceeds of an improper assessment against non-debtor property. We also affirm the district court's order because, in agreeing to be retained in this Chapter 7 case, the DZ Firm assumed the risk of non-payment and disgorgement of fees paid on an interim basis if the estate turned out to be insolvent. The record is uncontroverted that at the time of the petition date, the total value of the Debtor's estate was $200.00. We also conclude that the district court correctly rejected the DZ Firm's

3

meritless argument that the bankruptcy court lacked jurisdiction to order disgorgement. The district court correctly held that interim fee awards, like those made here to the DZ Firm, are always subject to modification or revision on final application. *In re Evangeline Ref. Co.*, 890 F.2d 1312, 1321 (5th Cir. 1989). The district court also correctly recognized that a federal court always has jurisdiction to determine its own jurisdiction. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002). That means a federal court can vacate and undo prior orders once it determines it has no jurisdiction to act. That is essentially what the bankruptcy court did here.

Finally, we conclude that the district correctly rejected the DZ Firm's argument that the disgorgement of fees paid constituted an improper restitution award to the Westwood homeowners. Accordingly, for the above-stated reasons, we affirm the district court's order affirming the bankruptcy court.

**AFFIRMED.**